United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-60955
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff-Appellee

versus

JAMES LEON OWENS, Jr.

Defendant-Appellant.

_____

Appeal from the United States District Court for
the Northern District of Mississippi
(USDC No. 3:05-CR-28-ALL)

_____

Before REAVLEY, HIGGINBOTHAM, and CLEMENT, Circuit Judges.

PER CURIAM:*

In an appeal involving a district court's denial of a motion to suppress, we review

the district court's findings of fact for clear error and its conclusions of law de novo.

_____

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*United States v. Hicks*, 389 F.3d 514, 526 (5th Cir. 2004). Review of a district court's denial of a motion to suppress evidence seized pursuant to a warrant is limited to 1) whether the good-faith exception to the exclusionary rule applies, and 2) whether the warrant was supported by probable cause. *United States v. Alix*, 86 F.3d 429, 435 (5th Cir. 1996). We affirm for the following reasons:

1. Owens' core argument is that the affidavits supporting the search warrant qualify as bare-bones because they were based on insufficient and unreliable information "from a confidential informant." This argument fails because 1) Owens ignores the fact that Justus' identity was not confidential; to the contrary, her name is used repeatedly on the statement of "Underlying Facts and Circumstances" and 2) the reliability of an informant who is identified as a victim-witness to a crime, rather than a professional informant, need not be established in the officer's affidavit. *United States v. Payne*, 341 F.3d 393, 401 (5th Cir. 2003) (citing *United States v. Bell*, 457 F.2d 1231, 1238 (5th Cir. 1972)).

2. In their statement of "Underlying Facts and Circumstances," the affiant police officers explained in detail as to how Justus came to be in Owens' apartment and what she saw therein. Accordingly, the affidavits were in no sense bare-bones and the good-faith exception applies.

AFFIRMED.